# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

| | |
|---|---|
| KIMBERLY BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 5:19-cv-00194-MTT |
| ) | |
| CITY OF WARNER ROBINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

The Parties to this action hereby request the Court to enter a Protective Order with respect to certain documents and information to be provided in discovery. Doc. 23. In particular, the Parties anticipate that discovery may require disclosure by the Parties or by non-parties of private, confidential, and sensitive information.

Pursuant to this request and in accordance with the agreement of the Parties, it is hereby ORDERED that the following provisions shall govern the conduct of discovery in this action:

1. "Confidential Information" as used herein, means any information that is designated as "Confidential" by any party whether it be a document, information contained in a document, information revealed at a deposition, information revealed in an interrogatory answer, or otherwise. Documents and information to be marked as "Confidential" include, but shall not be limited to: (1) medical records and

information relating to Plaintiff or other current or former employees of Defendant City of Warner Robins; and (2) personal or private information contained within files or records maintained by Defendant City of Warner Robins pertaining to current and former employees.

      2.     Confidential Information produced shall be used solely for purposes of this litigation and any appeal proceedings, for no other purpose or litigation whatsoever, and shall not be disclosed to any non-party except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

      3.     Confidential Information and information derived therefrom may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

      (a)    Plaintiff or Defendants and their respective attorneys, and employees of such attorneys to whom it is necessary that such information be disclosed for purposes of this litigation;

      (b)    Actual or potential deponents or witnesses, but only to the extent there is a legitimate need for such disclosure;

      (c)    Independent investigators, experts and/or consultants, retained by the parties in preparation of this case, to whom it is necessary that the information be shown for the purposes of this litigation;

      (d)    The Court, its employees and agents, court reporters and their agents in depositions, hearings, or trial in this action to whom it is necessary that information be disclosed for purposes of this litigation;

      (e)    Mediators or similar outside persons and their staffs, enlisted by the

Parties to assist in the resolution of this matter; and

        (f)    Any other person designated by this Court, after notice and hearing, or designated by written agreement of the Parties.

4. In the event that a party believes there is a legitimate need to disclose Confidential Information to persons other than "Qualified Persons," the Parties shall confer and attempt to resolve the issue in good faith. In the event the Parties cannot reach an agreement, any party may bring before the Court the question of whether good cause for allowing the requested disclosure exists.

5. Qualified Persons shall not disclose, discuss, or otherwise reveal, directly or indirectly, Confidential Information to persons other than Qualified Persons nor shall Qualified Persons make public disclosure of any Confidential Information.

6. The Parties may designate documents produced in this action as "Confidential Information" by marking each page of each document so designated as "Confidential." In lieu of marking the original of a document, if the original is not produced, the party may mark the copies that are produced or exchanged.

7. In the event that any party disagrees with the designation of any information as Confidential, the Parties shall confer and attempt to resolve the issue in good faith. Should the Parties be unable to resolve the issue, the party challenging the confidentiality may request a telephone conference, in accordance with the Court's Rules 16 and 26 Order, to bring before the Court the question of whether such designation should be permitted. The information will be treated as confidential until the Court rules on any dispute as to confidentiality.

8. The parties agree that no Confidential Information will be redacted, except

the social security number of any current or former employee of Defendants and information that is protected from disclosure as attorney-client privilege and/or as work product. If a document contains information that a party contends should be withheld in good faith notwithstanding the protections of this Order, that party shall confer with opposing counsel in good faith about the basis for redacting, deleting, obscuring, or otherwise removing such information upon notice that opposing counsel objects to the redactions.

9. Deposition transcripts shall be considered Confidential Information for thirty (30) days after delivery of final transcripts to the Parties. Each party shall have until thirty (30) days after receipt of the deposition transcript in which to designate portions of the transcript and exhibits thereto as Confidential. The parties agree that even though documents may be marked as Confidential for purposes of discovery, such designation does not prevent a party from submitting or filing any such materials with the Court as evidence in this matter.

10. Nothing shall prevent disclosures beyond the terms of this Protective Order if all Parties consent to such disclosure in writing, or if the Court, after notice to all Parties, orders such disclosure.

11. The inadvertent or unintentional production of any Confidential Information shall not be deemed as a waiver, in whole or in part, of the producing party's claim of confidentiality, either as to specific information disclosed or as to any other related information. Upon receipt of written notice from the producing party, the receiving party shall immediately give notice thereof to each person to whom the previously undesignated document, information, or thing was in the interim disclosed. The receiving

party shall use its best efforts to retrieve all copies of the document, information, or thing distributed to persons other than Qualified Persons, and thereafter such document, information, or thing and all such persons shall be subject to the provisions of this Protective Order.

12. Either party may, prior to filing, move for an Order permitting or requiring a specific document, pleading, or tangible item (that contains information that has been designated, in whole or in part, as Confidential Information) to be filed and maintained under seal. The Clerk of the Court is not authorized to accept filing of any document designated as sealed without an Order from the Court approving the specific documents to be filed under seal.

13. Within sixty (60) days of the conclusion of this litigation, including any appeals, the producing party may request that all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, be returned to the producing attorneys, except as counsel deems necessary to comply with counsel's professional responsibilities to maintain a client's file. Upon such request, the receiving party shall return all Confidential Information furnished and all copies thereof to the producing party's attorney, or at the producing party's option, destroy all such Confidential Information and copies thereof. If destroyed, counsel for the receiving party shall provide the producing party with written confirmation of destruction.

14. Nothing contained in this Order shall bar or otherwise restrict any attorney to whom it applies from communication with any individual not authorized to view such Confidential Information and, in the course thereof, referring to or relying upon his examination of Confidential Information, without relaying specific Confidential

Information. Such communication shall be limited to the purpose of representing the interests of the attorney's client with respect to this litigation. This Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated Confidential Information that (a) was lawfully in his possession prior to receipt from the supplying party, (b) appears in any published material available to the general public, without the fault of the receiving party, or (c) was or is hereafter obtained from a source or sources not under an obligation of secrecy to any party, without fault of the receiving party.

15. This Order is entered without prejudice to the right of any party to seek modification of this Order.

16. The terms and conditions of this Order shall survive and remain in full force and effect after termination of these actions. The Court shall retain jurisdiction, both before and after the entry of a final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

**ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party

shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

      **SO ORDERED**, this 26th day of December, 2019.

                                          <u>S/ Marc T. Treadwell</u>
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT